BENGOA v. THE REGISTRAR OF PROPERTY.

APPEAL from decision of the Registrar of Property of Mayagüez.

No. 21.—Decided February 17, 1908.

ATTORNEYS IN FACT—PRIVILEGE TO PURCHASE.—The prohibition imposed on attorneys in fact by section 1362 of the Civil Code to acquire by purchase, although at public or judicial sale, either himself or through an intermediary, the properties with the administration and sale of which he is charged, has reference to attorneys in fact charged with such administration or conveyance *at the time the sale is made*, but not to persons who may have been charged with such duties at some other time.

The facts are stated in the opinion.

The appellant did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Manuel Bengoa Marín from a decision of the Acting Registrar of Property of Mayagüez refusing to admit to record a deed of purchase and sale.

By public deed executed before Notary Mariano Riera Palmer on January 17, 1898, Francisco Romero Valdivia sold to Manuel Bengoa Marín the one-fourth interest which he had in the ownership of a coffee plantation named "Las Delicias," for the price and sum of 2,000 *pesos* which he acknowledged having received, which interest he had acquired by purchase from the said Manuel Bengoa Marín as the agent of Manuel Pinillos y Martínez, by deed of November 15 of the preceding year, 1897; and upon presentation of said deed in the Registry of Property of Mayagüez for record, such record was denied by the registrar on the grounds set forth in the decision which he wrote at the end of such document, reading as follows:

"The record of the foregoing document is denied on the ground that Manuel Bengoa has purchased property belonging to his principal, Manuel Pinillos, through a third person, which is contrary to the provisions contained in article 1459 of the Civil Code in force at the time of the contract, and in lieu thereof a cautionary notice has been entered effective for the period of 120 days at folio 64 of volume 21 of Las Marias, estate No. 163 duplicate, record letter A."

As the person who presented the deed did not withdraw it from the registry, the registrar has forwarded it to this Supreme Court for the decision of the appeal in accordance with the provisions of the Act of the Legislative Assembly of this Island, of March 1, 1902, relating to appeal from decisions of registrars of property.

The prohibition imposed on agents by article 1459 of the former Civil Code, which is equivalent to section 1362 of the Code in force, to acquire by purchase, even at public or judicial sale, either in person or through an intermediary, the proper-

ty, the administration or sale of which has been entrusted to them, applies solely to agents who at the time the sale is made are entrusted with such administration or sale, but not to those who at some other time had charge thereof; inasmuch as the prohibition imposed on them by the said section of the Code is not definite and absolute, but relates to the time they had charge of the administration or sale of the property of the principal as may be deduced from the literal context of the said section and as has been held by the General Directorate of Registries of Property and Notarial Offices of Spain in its decisions or November 13, 1895, rendered in a case quite similar to this case, with which doctrine the learned commentators of the Civil Code, Quinto Mucio Scevola and José María Manresa y Navarro, agree perfectly in commenting on the said section of the Code.

Therefore, as it does not appear from the deed presented that when Manuel Bengoa Marín acquired from Francisco Romero Valdivia the interest in the ownership which he had sold him previously as the agent of Manuel Pinillos y Martínez, he still had charge of the administration of the property of the latter, which is the case provided for by section 1459 of the Civil Code, it will be seen that he is not affected by the prohibition established in said section which the Registrar of Property of Mayagüez advances in his decision as the ground for the denial of the record.

The decision of the Registrar of Property of Mayagüez appearing at the end of the deed in question in this appeal is reversed, and it is held that the deed is recordable; and it is ordered that said deed be returned to the registrar of said city with a certified copy of this decision for his information and other purposes which may be proper in law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.